**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 0:22-CV-60468-RUIZ/STRAUSS**

KPR U.S., LLC, and
Cardinal Health 200, LLC

                    Plaintiffs,

     v.

LifeSync Corporation,
Advantage Medical Electronics, LLC, and
3M Company

                    Defendants.

_____/

**DEFENDANTS LIFESYNC CORPORATION'S AND 3M COMPANY'S MOTION TO**
**DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**
**AND INCORPORATED MEMORANDUM OF LAW**

**I.**     **Introduction**

In this action, Plaintiffs are suing two[1] Delaware corporations, Defendants LifeSync

Corporation ("LifeSync") and 3M Company ("3M"), for putative acts of patent infringement that

Plaintiffs allege—generically, without any facts and exclusively upon information and belief—

occurred in the Southern District of Florida (hereafter, the "**District**"). Doc. No. 11, First

Amended Complaint ("**Complaint**" **or** "**Compl.**"), ¶¶12, 14. Plaintiffs speculate, "upon

information and belief," both LifeSync and 3M have "engaged in systemic activities in this

district … including making, using, offering to sell, selling, and/or importing products that

---

[1] Defendant Advantage Medical Electronics, LLC (known more commonly as "Advantage Medical
Cables," and throughout this brief referred to as **"AMC"**), is also a defendant in this lawsuit, but is not a
party to this motion. Contemporaneous with this Motion, AMC has filed an Answer and Affirmative
Defenses to the Complaint and a Counterclaim.

**LOTT & FISCHER, PL** • 255 Aragon Avenue • Third Floor • Coral Gables, FL  33134
Telephone: (305) 448-7089 • Facsimile: (305) 446-6191

infringe" two patents, one that issued on October 18, 2011, titled "ECG Electrode Connector" (the **"484 Patent"**), and one that issued on August 5, 2014, also titled "ECG Electrode Connector" (the **"004 Patent**," and with the 484 Patent, collectively, the **"Patents in Suit"**).  *Id.*, ¶¶12, 14, 47, 75, 99.  As baldly pled, the Complaint does not establish that venue lies in the District as to either LifeSync or 3M.  Plaintiffs have not pled facts that come close to satisfying either of the two prongs required for venue under 28 U.S.C. §1400(b) that these defendants: (i) reside in the District; or (ii) have committed acts of infringement in the District <u>and</u> have a regular and established place of business in the District.

The facts undercutting the venue pleading as to LifeSync are these:  As a matter of law, for venue purposes, LifeSync resides in the State of Delaware—its state of incorporation. Thus, for venue to lie as to LifeSync, Plaintiffs must establish the second prong of 28 U.S.C. §1400(b)—that LifeSync has committed infringing acts and has a regular and established place of business in the District—which they cannot do.  While LifeSync does maintain a physical presence in the District, it does not manufacture, sell, offer for sale, use or import ***any*** products— in the District or otherwise—that Plaintiffs allege infringe the Patents in Suit. These facts that contradict Plaintiffs' fact-devoid pleading are confirmed in an affidavit of LifeSync's CEO, which this Court can consider in the context of this Rule 12(b)(3) motion.

Likewise, as to 3M, because it is a Delaware corporation, it too "resides" in the State of Delaware for patent venue purposes. Turning to the second prong of 28 U.S.C. §1400(b), Plaintiffs Complaint fails to establish that 3M "committed acts of infringement" in the District or maintains a "regular and established business" in the District. Plaintiffs' only attempt to establish the statute's requirements is through reference to 3M's website and a claim that 3M "sources" accused products in the District. This attempt fails for two reasons. First, pleadings that rely on

the mere existence of a website (including an interactive website) are insufficient to satisfy either the infringing act or regular and established place of business requirement of the second prong of 28 U.S.C. §1400(b). Second, even accepting the vague allegation that 3M "sources" accused products in the District as true, such conduct does not constitute an act of infringement under the Patent Act, 35 U.S.C. §271(a). Thus, Plaintiffs have not pled facts necessary to satisfy 28 U.S.C. §1400(b), and, as a matter of applicable law, venue does not lie in the District as to LifeSync or 3M. The Complaint should therefore be dismissed pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. §1406(a).[2]

## II.    Facts relevant to venue analysis.

### A.    The Accused Products and the Unspecified Accused Products.

Plaintiffs allege, "upon information and belief," that LifeSync and 3M (as well as AMC) infringe the Patents in Suit by manufacturing, selling, using, offering to sell, or importing ECG/EKG lead wires having closed-end electrode connectors, including the lead wires, that bear product numbers: LW-309DS50/5A, LW-309DS50/5AT, LW-309DS50/3A, LW-309DS50/4V, LW-309DS50/5V, LW-309DS50/6A, LW-309DS5/6AT, LW-341DS50/3A, LW-341DS50/5A, LW-341DS50/6A,   LW-381DS50/3A,   LW-381DS50/6A,   LW-391DS50/3A   and   LW-391DS50/5A (the "**Accused Products**"). Compl., ¶¶23, 51, 81, 105.  In addition to the specifically identified "Accused Products" at issue in the Complaint, Plaintiffs also include a "catch all" boilerplate allegation that "any materially similar products" also infringe the Patents in Suit. *Id.*, ¶¶23, 51. Despite presumably performing the investigation under Fed. R. Civ. P.  11

---

[2] In the alternative to dismissal, pursuant to 28 U.S.C. §1406(a), the Court has authority to transfer the case against Defendants to United States District Court for the District of Minnesota as the District where this matter could have been brought against 3M. As LifeSync has never made, used, offered for sale, sold, or imported any Accused Products or Unspecified Accused Products, LifeSync should be dismissed rather than transferred.

incumbent upon all parties, Plaintiffs never actually identify any such putative "materially similar products" anywhere in the pleading (hereafter, they are referred to the "**Unspecified Accused Products**").

## B.      LifeSync Facts.

Per the Complaint, LifeSync is a corporation organized under the laws of Delaware that has its principal place of business in Coral Springs, Florida. Compl., ¶6. The Complaint alleges "[o]n information and belief," and with no further factual support, that LifeSync has, "at various points," "engaged in the business of selling medical products, including the infringing products at issue." *Id.*, ¶8. The Complaint alleges, again "[o]n information and belief," that while co-defendant AMC previously sold the Accused Products, LifeSync now sells them. *Id.*, ¶¶24, 42. These allegations are incorrect. *See* Declaration of Robert Buehler, LifeSync Corp.'s CEO ("**Buehler Decl.**", at ¶¶8-12, attached hereto as **Exhibit 1**.)[3]

LifeSync does not currently, and has not previously, manufactured, sold, used, offered to sell, or imported any of the Accused Products, the Unspecified Accused Products, or any other product ever alleged to infringe the Patents in Suit—whether in this District or in any other jurisdiction. Buehler Decl. ¶¶8-12.  Axiomatically, it has never sold or been the "source" of Accused Products (or Unspecified Accused Products) to 3M. *Id.* ¶10.  Nor is LifeSync a "partner" of 3M as Plaintiffs tacitly suggest. *Id.* ¶12; *see* Compl., ¶¶80, 103 (stating that "3M's website advertises a partnership with AME and/or LifeSync").

## C.      Facts alleged as to 3M.

---

[3] As detailed below, in a motion under Fed. R. Civ. P. 12(b)(3), a court can consider facts outside of the complaint to determine whether venue is proper. *See Wai v. Rainbow Holdings*, 315 F. Supp. 2d 1261 (S.D. Fla. 2004); *Rodriguez v. Am.'s Servicing Co.*, No. 17-20274-CIV, 2018 WL 1876733, at *2 (S.D. Fla. Jan. 31, 2018) ("When an allegation of the complaint is challenged, the court may examine facts outside of the complaint to determine whether venue is proper.").

3M is a corporation organized under the laws of Delaware that has its principal place of business in St. Paul, Minnesota. Compl., ¶9. The Complaint does not allege that 3M has a physical location in the District or that there is a physical place in the District that 3M holds out as its regular and established place of business. Indeed, Plaintiffs appear to ignore this requirement completely. Instead, the Complaint seems to plead that 3M committed acts of infringement in the District by referencing 3M's website and through its relationship with co-Defendants, but here too, the Complaint falls short. *Id.*, ¶¶14, 80, 104. According to the pleading, 3M operates a website "that is accessible throughout Florida." *Id.*, ¶14. Plaintiffs allege that the 3M website "advertises products that infringe the Asserted Patents, invites purchaser to review details about those products, and interactively allows customers to contact 3M about the products." *Id.* The Complaint includes links to pages on 3M's web site that advertise the Accused Products and that Plaintiffs contend describes a purported "partnership"[4] with AMC and/or LifeSync. *Id.,* ¶¶80, 104.  Plaintiffs do not allege that the website offers the products for sale directly to consumers in the District, or that 3M has sold any of the Accused Products in the District. *Id.,* ¶¶80, 104.

In addition, Plaintiffs allege, again upon information and belief, that 3M "sourced" Accused Products from "AM[C] and/or LifeSync," both of which, Plaintiffs contend, "reside" in the District. *Id.*, ¶14. As detailed herein, for venue purposes under the Patent Act, neither AMC nor LifeSync "reside" in the District.  Further, missing from the pleading are any factual allegations to support the putative "sourcing," or alleging how such "sourcing" would come within the purview of the Patent Act, as "sourcing" product is not itself an act of infringement,

---

[4] Plaintiffs do not allege—and cannot—the existence of an actual partnership by and between 3M, and either LifeSync or AMC.

i.e. making, using, selling, offering for sale, or importing an infringing product, under 35 U.S.C. §271(a).

**III.    Argument**

**A.    Legal standard.**

In patent infringement proceedings, 28 U.S.C. §1400(b) is the exclusive code provision controlling venue. *TC Heartland, LLC v. Kraft Foods Group Brands LLC*, 137 S.Ct. 1514, 1518 (2017) ("As applied to domestic corporations, "reside[nce]" in § 1400(b) refers only to the State of incorporation," and the general venue statute, 28 U.S.C.A. § 1391(c), defining corporate residence as any judicial district in which a defendant corporation is subject to the court's personal jurisdiction, does not apply in patent infringement cases"). Objections to venue are made through a Fed. R. Civ. P. 12(b)(3) motion, and 28 U.S.C. §1406(a) provides for either dismissal or transfer if venue is found to be improper. *In re HTC Corp*., 889 F.3d 1349, 1352 (Fed. Cir. 2018). On a motion to dismiss based on improper venue, a court accepts all allegations of the complaint as true, unless contradicted by the defendant's affidavits, and when an allegation is so challenged, the court may examine facts outside of the complaint to determine the propriety of venue. *See Wai v. Rainbow Holdings*, 315 F. Supp. 2d 1261, 1267–68  (S.D. Fla. 2004) (holding that in a Rule 12(b)(3) motion, the court can consider an affidavit contradicting venue pleading "particularly when the motion is predicated upon key issues of fact"), *quoting Webster v. Royal Caribbean Cruises, Ltd.*, 124 F.Supp.2d 1317, 1320 (S.D. Fla. 2000); *see also Rodriguez v. Am.'s Servicing Co*., No. 17-20274-CIV, 2018 WL 1876733, at *2 (S.D. Fla. Jan. 31, 2018) ("[w]hen an allegation of the complaint is challenged, the court may examine facts outside of the complaint to determine whether venue is proper").  Upon a challenge to venue

under Fed. R. Civ. P. 12(b)(3) in a patent case, "the [p]laintiff bears the burden of establishing proper venue." *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013 (Fed. Cir. 2018).

Under Section 1400(b), an action for patent infringement may only be brought in the judicial district either in which a defendant: (i) resides, or (ii) has committed acts of infringement **and** has a regular and established place of business. 28 U.S.C. §1400(b). Where venue is improper, a court may dismiss a suit under 28 U.S.C. 1406(a), or transfer to where the suit could have been brought.

**B.     Plaintiffs have failed to plead facts that establish venue as to LifeSync and 3M.**

Plaintiffs' generic allegations do not establish that this District is the proper venue for the patent infringement claims brought against either LifeSync or 3M.  First, neither LifeSync nor 3M reside in the District. Second, LifeSync has never made, sold, used, offered to sell, or imported in the District (or anywhere else) any products that allegedly infringe the Patents in Suit.  Third, Plaintiffs do not even attempt to plead facts showing that 3M has a "regular and established place of business" in the District, nor do they plead sufficient facts to show that 3M committed acts of infringement in the District.

**1.     LifeSync and 3M do not "reside" in the District.**

The United States Supreme Court has held that, for venue purposes under 28 U.S.C. §1400(b), the judicial district in which a corporate defendant "resides" is the defendant's state of incorporation. *See TC Heartland*, 137 S. Ct. at 1517, 1521. Thus, as pled, both LifeSync and 3M "reside" exclusively in the State of Delaware, and Plaintiffs fail to satisfy prong 1 of § 1400(b). *Id.;* Compl., ¶¶6, 7, 9.

**2.     LifeSync has not engaged in acts of infringement with respect to the Patents in Suit in the District (or in any other district).**

**LOTT & FISCHER, PL** • 255 Aragon Avenue • Third Floor • Coral Gables, FL  33134
Telephone: (305) 448-7089 • Facsimile: (305) 446-6191

Because neither LifeSync nor 3M reside in the Southern District of Florida, venue may only lie in the District as to LifeSync and 3M if both components of the second clause of 28 U.S.C. §1400(b) are satisfied. Under the second clause of 28 U.S.C. §1400(b), plaintiff must allege **both** that defendant has engaged in acts of infringement in the District **and** has a regular and established place of business in the District. *Patent Holder LLC v. Lone Wolf Distributors, Inc.*, No. 17-223060-Civ, 2017 WL 5032989, at *4 (S.D. Fla. Nov. 1, 2017).

Plaintiffs cannot sustain their burden of showing that venue is proper as to LifeSync. Plaintiffs allege, upon information and belief and without any supporting facts, that LifeSync has infringed the Patents in Suit by "making, using, selling, offering to sell, and/or importing" the Accused Products. Compl., ¶¶23, 51. According to the pleading, "on information and belief," AMC "previously sold" the Accused Products, and LifeSync "now sells" them. *Id.,* ¶¶24, 52. However, as demonstrated through the Buehler Declaration, the Complaint's characterizations of both LifeSync and AMC are incorrect. Buehler Decl., ¶¶8-12; *In re ZTE*, 890 F.3d at 1013. LifeSync has never made, used, offered for sale, or sold the Accused Product in this District, or in any other district, and therefore has not committed the requisite "acts of infringement" necessary to satisfy § 1400(b). *Id.*

Where, as here, a defendant propounds evidence that establishes that venue is improper, the allegations of a complaint—particularly generic, boilerplate allegations such as those in Plaintiffs' Complaint—are insufficient alone to sustain the plaintiff's burden of proof on venue. *See McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007) ("conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss"). Where a factual issue is raised as to whether the defendant actually made, used, made available for sale, or sold the Accused Product in the subject venue, a court may

consider extrinsic facts presented by defendant to counter a plaintiff's venue allegations. *See, Nationwide Relocation Servs., Inc. v. Walker*, No. 07-60983-CIV, 2008 WL 11333712, at *2 (S.D. Fla. Feb. 29, 2008) ("when an allegation [related to venue] is … challenged, the court may examine facts outside of the complaint to determine whether venue is proper"), *citing Wai v. Rainbow Holdings*, 315 F. Supp. 2d at 1268); *see also Script Transform, LLC v. Motorola Mobility, LLC*, F. Supp. 3d 414, 2021 WL 825666, *2–*3 (N.D. Ill. Mar. 1 2021) (same, granting Rule 12(b)(3) motion for improper venue based on affidavit that contradicted pleaded allegations); *Sudenga Indus., Inc. v. Glob. Indus., Inc*., No. C18-4024-LTS, 2018 WL 9811114, at *3 (N.D. Iowa, Sept. 14, 2018) (same, finding that evidence conclusively disproved the sufficiency of the allegations related to venue); *Green Source Holdings, LLC v. Ingevity Corp.,* No. 1:18-CV-10672019 WL 1995402, *2-5 (W.D. Ark. May 6, 2019) (same).

Applied here, the fact-devoid allegations in the Complaint (made solely upon information and belief) are precluded by the facts recounted in Buehler's Declaration. Together, these materials confirm that venue does not lie in the District as to LifeSync because LifeSync does not make, use, offer for sale, or sell the Accused Products (or the Unspecified Accused Products) in the District (or for that matter, in any other district). Buehler Decl., ¶12. Thus, Plaintiffs' claims of patent infringement against LifeSync must be dismissed under the Patent Venue Statute, 28 U.S.C. §1400(b), 1406(a), and Fed. R. Civ. P. 12(b)(3).

### 3.   Plaintiffs have failed to allege facts sufficient to establish that this District is the proper venue as to 3M.

Likewise, the Complaint fails to allege any facts showing that 3M has a regular and established place of business in the District or that 3M has engaged in acts of infringement in the

District.  Thus, Plaintiffs fail to plead facts establishing that venue in this District is proper as to 3M.

### a. Plaintiffs do not allege a "regular and established" place of business for 3M in the Southern District of Florida.

First, the Complaint alleges no facts whatsoever showing that 3M has a regular and established place of business in the District. Indeed, Plaintiffs seem to completely ignore the Supreme Court's clear requirements as to this element. *See TC Heartland*, 137 S.Ct. at 1521. In order to establish a "regular and established" place of business, Plaintiffs must allege more than a bare-bones recitation of the statute. *Westech Aerosol Corporation v. 3M Co.*, 927 F.3d 1378, 1382 (Fed. Cir. 2019). In *Westech*, the Federal Circuit affirmed dismissal of an infringement action for improper venue under Rule 12(b)(3) where, as here, the patentee failed to plead any facts to show the accused infringer had a physical presence in the forum and instead "parrot[ed] the language of § 1400(b)". *Id.* at 1382.  The court held that a patentee must plead at least some facts—not conclusions—to establish §1400(b) venue, and that dismissal was appropriate where the patentee merely alleged in a conclusory fashion that the accused infringer had a regular and established place of business in the forum. *Id.* Such reasoning applies to Plaintiffs' fact-devoid pleading as to 3M.

As the Federal Circuit has made clear, in order to satisfy the "regular and established" place of business requirement, "there must be a *physical place* in the district." *In re Cray Inc.*, 871 F.3d 1355, 1360, 1362 (Fed. Cir. 2017).  The Complaint makes no such allegation with respect to 3M, and of course, the existence of a website that may be accessed by individuals within the District does not establish that 3M has a physical place of business in the District. *See id.* (explaining that "a virtual space" or "electronic communications from one person to another"

are not sufficient to establish a regular and established place of business). Finding as much would make any entity with a publicly available website subject to jurisdiction based on a "regular and established place of business" in every location with an internet connection. This would be an absurd result, and thus Plaintiffs' allegations are insufficient to find that venue lies in the Southern District of Florida for 3M.

### b. Plaintiffs do not allege that 3M engaged in "acts of infringement" in the Southern District of Florida.

Second, Plaintiffs' attempt to plead facts showing that 3M committed acts of alleged infringement in the District are also woefully insufficient under established law. The Complaint sets forth only the following acts by 3M: (1) 3M operates a website "that is accessible throughout Florida" that "advertises products that infringe" the Patents in Suit and that "allows customers to contact 3M about the products," and (2) 3M "source[s]" the Accused Products from "AM[C] and/or LifeSync," both of which "reside" in the District. Compl., ¶¶14, 80, 103. These facts, even when taken as true, fail as a matter of law to establish venue under 28 U.S.C. §1400(b).

As a matter of law, the mere fact that a website may be accessed in a district is not sufficient for venue in the absence of allegations of sales directed to the district or other activities aimed at the district. *See NexLearn, LLC v. Allen Interactions, Inc.*, 859 F.3d 1371, 1380-81 (Fed. Cir. 2017) (ruling that accused infringer's interactive website did not support exercising personal jurisdiction where there were no sales of the accused product in the forum); *see also Kennedy v. Heidi Motel Inc.*, No. 0:19-60946-CIV, 2019 WL 11553695, at *6 (S.D. Fla. June 20, 2019) (granting a Rule 12(b)(3) motion to dismiss for lack of venue and reasoning that "if [p]laintiff were right that the simple act of accessing [d]efendants' websites is sufficient to confer venue, [p]laintiff would be able to establish venue in his home district over any [business] in the

country that maintains a website that can be accessed by [p]laintiff"); *Green Source Holdings, LLC*, 2019 WL 1995402 at \*2-\*5  (in ruling on a Rule 12(b)(3) motion, the court found that merely offering the accused infringing product on a website without any allegations or evidence of sales of the product to a customer in the forum was not sufficient to support venue).

And of course, for venue purposes it is irrelevant whether or not 3M "sources" product from other entities that allegedly reside in the District. It is black-letter law that under Section 271(a) of the Patent Act, an infringing activity is "mak[ing], us[ing], offer[ing] to sell, … sell[ing] … or import[ing]" any patented invention. 35 U.S.C. §271(a); Compl., ¶¶23, 51, 79, 103. "Sourcing" the product from entities that may or may not conduct business in the District simply does not constitute infringement. 35 U.S.C. §271(a) (defining patent infringement as making, using, offering to sell, selling, or importing any patented invention).

Simply stating, as Plaintiffs have done here, that 3M has "engaged in systemic activities in this district" including "making, using, offering to sell, selling, and/or importing" infringing products, without more, amounts to a mere legal conclusion that the court is not bound to accept as true. Compl., ¶14, *see also Westech*, 927 F.3d at 1382 ("Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.") (internal quotation marks omitted) *quoting Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002).

**c.  The United States District Court for the District of Minnesota is the Appropriate Forum for 3M Defendant.**

Because venue is improper with respect to 3M in the Southern District of Florida, this Court may either dismiss this action against 3M or, in the alternative, transfer this matter to "any

12

**LOTT & FISCHER, PL** • 255 Aragon Avenue • Third Floor • Coral Gables, FL  33134
Telephone: (305) 448-7089 • Facsimile: (305) 446-6191

district or division in which it could have been brought." 28 U.S.C. § 1406(a).[5] Should this Court determine that a transfer of venue is appropriate in this matter, 3M respectfully requests transfer to the United States District Court for the District of Minnesota. As noted in Plaintiffs' Complaint, 3M is headquartered in St. Paul, Minnesota, and therefore has a regular and established place of business there. Compl., ¶9. Because most if not all witnesses and evidence necessary to try this action on behalf of 3M are located in the District of Minnesota, 3M also encourages the transfer of venue under the venue transfer statute, 28 U.S.C. § 1404(a), which permits a court to transfer an action "for the convenience of parties and witnesses." *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005).

## IV.    <u>Conclusion</u>

Plaintiffs' Complaint does not establish that this District is the proper venue for the patent infringement claims brought against either LifeSync or 3M because it fails to establish that either Defendant resides in the District or has committed any infringing acts in the District. As such, pursuant to 28 U.S.C. 1406(a), this Court should either dismiss both Defendants or, in the alternative, dismiss LifeSync as it has not manufactured, sold, offered for sale, used or imported any Accused Products or Unspecified Accused Products in any District, and transfer venue to the United States District Court for the District of Minnesota for 3M.

WHEREFORE, Defendants LifeSync Corporation and 3M Company respectfully request that this Court enter an order: (i) dismissing as to them the First Amended Complaint for Patent Infringement pursuant to Fed. R. Civ. P. 12(b)(3), 28 U.S.C. §1400(b), and 28 U.S.C. §1406(a); against both LifeSync and 3M (ii) in the alternative to subparagraph (i), pursuant to 28 U.S.C.

---

[5] As previously demonstrated, a change of venue would not be appropriate for LifeSync, as the Buehler declaration demonstrates that LifeSync has not committed any acts of infringement anywhere in the U.S. Buehler Decl., ¶¶8-12.

§1400(b) and 28 U.S.C. §1406(a), as to 3M, transferring this cause to the United States District Court for the District of Minnesota; and (iii) for such other and further relief as the Court deems appropriate under the circumstances.

*[Signatures next page]*

**LOTT & FISCHER, PL** • 255 Aragon Avenue • Third Floor • Coral Gables, FL  33134
Telephone: (305) 448-7089 • Facsimile: (305) 446-6191

Date:   April 28, 2022          Respectfully submitted,

**LOTT & FISCHER, PL**

**Ury Fischer**

Ury Fischer
Florida Bar No. 048534
E-mail: ufischer@lottfischer.com
Noah H. Rashkind
Florida Bar No. 021945
E-mail: nrashkind@lottfischer.com
Giulia C. Farrior
Florida Bar No. 1011300
E-mail: gfarrior@lottfischer.com
255 Aragon Avenue, Third Floor
Coral Gables, FL 33134
Telephone: (305) 448-7089
Facsimile: (305) 446-6191

And

**PATZIK, FRANK & SAMOTNY LTD.**
Jeffrey A. Pine*
E-mail:  jpine@pfs-law.com
Jordan Herzog*
E-mail: jherzog@pfs-law.com
Scott Smilie*
E-mail: ssmilie@pfs-law.com
Jonathan S. Goodman*
E-mail: jgoodman@pfs-law.com
Hailey M. Golds*
E-mail: hgolds@pfs-law.com
200 South Wacker Drive – Suite 2700
Chicago, IL 60606
Telephone: (312) 551-8300
Facsimile: (312) 551-1101

*To be admitted Pro Hac Vice*

**Attorneys for LifeSync Corporation, Advantage Medical Electronics, LLC, and 3M Company**

15

**LOTT & FISCHER, PL** • 255 Aragon Avenue • Third Floor • Coral Gables, FL  33134
Telephone: (305) 448-7089 • Facsimile: (305) 446-6191