UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-60468-RAR

**KPR U.S., LLC** and
**CARDINAL HEALTH 200, LLC**,

    Plaintiffs,

v.

**LIFESYNC CORPORATION,** *et al.*,

    Defendants.
_____/

### ORDER GRANTING IN PART DEFENDANTS' MOTION TO STAY PENDING *INTER PARTES* REVIEW AND ADMINISTRATIVELY CLOSING CASE

**THIS CAUSE** comes before the Court on Defendants' Motion to Stay Pending *Inter Partes* Review and for Entry of Protective Order ("Motion"), [ECF No. 65], filed on August 2, 2022. Plaintiffs filed their Response in Opposition, [ECF No. 69], on August 16, 2022. Defendants filed their Reply, [ECF No. 70], on August 23, 2022, followed by Plaintiffs' Sur-Reply, [ECF No. 71], filed on August 29, 2022.

In short, Defendants ask this Court to stay all proceedings in this action and enter a protective order quashing all discovery until the Patent Trial and Appeal Board completes an *inter partes* review of the patents at issue in this litigation. Plaintiffs oppose a stay and insist that both sets of litigation proceed in parallel. Having considered Defendants' Motion and Reply, Plaintiffs' Opposition and Sur-Reply, and the record, and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that Defendants' Motion, [ECF No. 65], is **GRANTED IN PART** for the reasons stated herein. The Court grants a stay of this case, which will expire when the Patent Trial and Appeal Board completes an *inter partes* review of the Patents in Suit or

decides not to take up AMC and Lifesync's Petitions. When the Patent Trial and Appeal Board decides whether it will take up an *inter partes* review, the parties shall file a joint status report addressing whether the *inter partes* review will commence. The Court will not enter a protective order quashing discovery, as the stay of this case includes a stay of discovery. Given that the *inter partes* review could impact the parties' current arguments and legal positions, the Court finds it advisable to deny all pending motions without prejudice, with leave to refile when the stay is lifted.

## **BACKGROUND**

This patent infringement case involves leadwires with closed-end electrode connectors used in cardiac monitoring equipment. The Court need not address the substantive issues in this lawsuit to resolve the procedural question at hand. Further, the Court assumes the parties are familiar with the procedural posture of this case and only notes that this case remains in the early stages of litigation, and the parties have filed several motions, some of which remain pending.

Defendants seek to stay this case pending an *inter partes* review ("IPR") of two petitions (the "IPR Petitions") that AMC and Lifesync filed with the Patent Trial and Appeal Board (the "PTAB"). IPR "allows a [] party to ask the U.S. Patent and Trademark Office to reexamine the claims in an already-issued patent and to cancel any claim that the agency finds to be unpatentable in light of prior art." *Cuozzo Speed Techs., LLC v. Lee*, 579 U.S. 261, 265 (2016). As a general matter, IPR serves as "a quick, inexpensive, and reliable alternative to district court litigation to resolve questions of patent validity." *Targus Int'l LLC v. Grp. III Int'l, Inc.*, No. 20-21435-CIV, 2021 WL 542675, at *1 (S.D. Fla. Jan. 8, 2021) (citing the Leahy-Smith America Invents Act and S. Rep. No. 110-259, 20 (Jan. 24, 2008)). Congress created the IPR system in 2012 principally "to establish a more efficient and streamlined patent system that will improve patent quality and limit unnecessary and counterproductive litigation costs." 77 Fed. Reg. 48,680 (August 14, 2012).

AMC and Lifesync filed two IPR Petitions with the PTAB on August 2, 2022, seeking review of the asserted claims in the Patents in Suit.  By statute, PTAB must decide whether to institute a review within six months of the petition filing, *i.e.*, by February 2, 2023.  *See id.*  If the PTAB decides to take up the IPR Petitions, the PTAB must make a final determination on invalidity within 12 months after notice of the institution of a review (extendable for good cause by six months)—in this case, by February or August 2024.  35 U.S.C. §§ 314(b), 316(a)(11).

In the IPR proceedings, a panel of three technically trained Administrative Patent Judges will examine the Patents in Suit for invalidity.  35 U.S.C. §§ 6(a)-(c); 35 U.S.C. § 316(c).  Defendants explain that the IPR Petitions "are based primarily upon three prior art references, two of which were not considered by the examiner during the original prosecution of the Patents in Suit that raise substantial new questions of patentability relative to all of the patent claims now asserted in this lawsuit."  Motion at 1.  Upon completing the review process, the PTAB will issue a final decision concerning the patentability of the challenged patent claims.  35 U.S.C. § 318.

## LEGAL STANDARD

District courts possess "inherent, discretionary authority to issue stays in many circumstances."  *Advanced Bodycare Solutions, LLC v. Thione Int'l, Inc.*, 524 F.3d 1235, 1241 (11th Cir. 2008).  One such circumstance is when related proceedings are pending before a different tribunal.  *See Ortega Trujillo v. Conover & Co. Comm., Inc.*, 221 F.3d 1262, 1264 (11th Cir. 2000).

Regarding stays pending *inter partes* review, "the decision to stay related civil patent infringement litigation is within the sound discretion of the district court." *Targus*, 2021 WL 542675, at *1 (citing *Lighting Sci. Group Corp. v. Nicor, Inc.*, 6:16-CV-1087-ORL-37GJK, 2017 WL 3706697, at *2 (M.D. Fla. May 9, 2017)).  "This makes sense because *inter partes* review has

the potential to eliminate trial of invalidity issues when a claim is canceled or, otherwise facilitate trial of remaining issues following PTO denial of reexamination or reissuance proceedings." *Id.* "Stays pending such reviews are granted routinely in order to avoid inconsistent results, obtain guidance from the PTAB, or avoid needless waste of judicial resources." *Id.*

## ANALYSIS

The Court applies the three-factor test regularly used in this jurisdiction to evaluate motions for stays pending PTAB proceedings, including IPR. *See Roblor Mktg. Grp., Inc. v. GPS Indus., Inc.*, 633 F. Supp. 2d 1341, 1347 (S.D. Fla. 2008); *Targus*, 2021 WL 542675, at *2. The parties dispute whether the Court must apply an additional fourth factor. Without ruling on the necessity of this fourth factor, the Court finds that the three-factor test established in *Roblor*, and applied to IPR proceedings in *Targus*, warrants a stay in this case—and the fourth factor upon which Plaintiffs rely further tips the scales in favor of a stay. The Court addresses each factor in turn.

**1. Undue Prejudice or Clear Tactical Disadvantage**

The Court first considers "whether the stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party." *Targus*, 2021 WL 542675, at *2. The Court concludes it will not. Plaintiffs' undue prejudice argument comes down to timing: Plaintiffs maintain an interest in the timely enforcement of their patent rights, *Kirsch Rsch. & Dev., LLC v. Intertape Polymer Corp.*, No. 8:20-CV-1982-VMC-JSS, 2021 WL 2905436, at *3 (M.D. Fla. Apr. 7, 2021), and staying this case until the close of the IPR proceedings and possible appeal process will extend the time needed for Plaintiffs to enforce their patent rights.

The Court recognizes that granting a stay pending IPR will lengthen the duration of this case. However, the Court cannot find that this lengthening of time constitutes *undue* prejudice. Regarding the length of the stay, Defendants do not seek, nor would this Court impose, an

indefinite stay, given the statutorily mandated 12 to 18-month deadline for the resolution of IPR proceedings. 77 Fed. Reg. 48, 680 (August 14, 2012). And the Court will refrain from determining, at this juncture, whether such a stay should extend throughout the appeal process. Additionally, the stay will not entirely halt the resolution of this case, but rather allow forward progress to be made. The IPR proceedings provide an opportunity for the accurate resolution of at least some of the claims at issue in this case, which could benefit either party—not only Defendants.

Plaintiffs also argue that granting a stay would provide Defendants with a clear tactical advantage because it would "enable Defendants to get away with their strategy of not participating in discovery and blaming Plaintiffs for it." Response at 18. The Court does not find this to be a "tactical advantage" that precludes the granting of a stay. As the parties are well aware, the IPR process also allows for discovery. *Automatic Mfg. Sys. v. Primera Tech.*, No. 6:12–cv–1727–RBDDAB, 2013 WL 6133763, at *2 (M.D. Fla. Nov. 21, 2013). In fact, Congress designed the IPR process "to improve upon the previous *inter partes* re-examination process by (1) reducing to 12 months the time the PTO spends reviewing validity, from the previous reexamination average of 36.2 months; (2) minimizing duplicative efforts by increasing coordination between district court litigation and *inter partes* review; and (3) allowing limited discovery in the review proceedings." *Id.* It is not improper, nor does it unduly prejudice Plaintiffs, for Defendants to seek to limit their discovery obligations by entering a process created for that very purpose. Weighing all arguments raised by the parties, the Court finds that a stay will not unduly prejudice nor tactically disadvantage Plaintiffs.

### 2. Simplification of Issues

Second, the Court must consider "whether the stay will simplify issues in question and trial of the case." *Targus*, 2021 WL 542675, at *2. The Court finds that a stay will undoubtedly simplify this case for the Court, regardless of the outcome of the PTAB's review for two reasons.

First, the Court considers this a potentially complicated patent infringement case with sophisticated parties. By staying this case pending the IPR proceedings, this Court will have the opportunity to rely on a decision issued by a panel of three technically trained Administrative Patent Judges, who will examine the Patents in Suit for invalidity. 35 U.S.C. §§ 6(a)-(c); 35 U.S.C. § 316(c). The full record of the IPR proceedings will be available to further assist the Court in analyzing the remaining issues in this case and reducing the length of trial. The invaluable expertise of the Administrative Patent Judges and resulting record will simplify this case for the Court regardless of the outcome of the proceedings.

Second, the IPR proceedings may eliminate some of the issues to be tried before this Court, thereby streamlining the remainder of this case and potential trial. Should the IPR invalidate any of the claims in the Patents in Suit, fewer claims will remain for this Court to evaluate. *Targus*, 2021 WL 542675, at *2 (entering stay and reasoning that "[e]ven if only some of the claims are canceled, those claims will not need to be litigated in this action, which will save the parties from spending more time conducting discovery, researching, and briefing the issues."); *see also Trading Techs. Int'l, Inc. v. BCG Partners, Inc.*, No. 10 C 715, 2015 WL 1396632, at *1, 4 (N.D. Ill. Mar. 25, 2015) (granting stay pending "CBO" review when "the PTO instituted review on only four of the fifteen patents in issue" and "118 of the approximately 400 claims at issue"); *Intell. Ventures II LLC v. SunTrust Banks, Inc.*, No. 1:13-CV-02454-WSD, 2014 WL 5019911, at *2 (N.D. Ga.

Oct. 7, 2014) ("Even if the PTAB concludes that some, but not all, the Patents are invalid, the scope of this case may be significantly narrowed.").

Plaintiffs point out that even if IPR invalidates 23 out of the 23 claims at issue, additional issues will remain for this Court to resolve. However, the standard is not that the IPR must eliminate the lawsuit entirely to justify a stay; rather, only that the remaining case may be simplified. *Targus*, 2021 WL 542675, at *2 ("any streamlining of the issues or invalidated issues will save judicial resources"). Accordingly, the Court finds this factor weighs heavily in favor of granting a stay.

### 3. Discovery and Trial Scheduling

The Court must consider "whether discovery is complete and whether a trial date has been set." *Targus*, 2021 WL 542675, at *2. The Court finds this factor weighs slightly in favor of granting a stay.

This Court has set trial for July 2023, which, in some circumstances, may justify denying a stay. *E.g.*, *Payrange, Inc. v. Kiosoft Techs., LLC,* No. 20-20970-CIV, 2020 WL 9158402, at *2 (S.D. Fla. Nov. 23, 2020) (denying stay where trial "will occur well before" the PTAB could decide an IPR). But that is not dispositive. Other courts in this district have set trial dates early in the litigation but have nevertheless granted stays pending IPR when the other factors deem it appropriate. *E.g.*, *Targus,* 2021 WL 542675 at [ECF No. 28] (trial set for 10 months after the decision to stay the case and before the PTAB's final decision was due); *Rothschild Storage Retrieval Innovations, LLC v. Motorola Mobility LLC*, No. CV 14-22659-CIV, 2015 WL 12715618, at *2 (S.D. Fla. May 11, 2015) (nine months). Given conflicting case law on this point, the current trial date is a neutral factor in the analysis. The same cannot be said, however, when one looks at the current status of discovery.

Here, the parties are in the early stages of discovery, and therefore the scheduling factor weighs slightly in favor of granting a stay. Presently, only Plaintiffs have served discovery requests, no depositions have been taken, and discovery remains open until March 21, 2023. While the parties ardently disagree as to *why* discovery is not well-advanced, the Court concludes that given the minimal discovery that has occurred, this factor weighs in favor of granting a stay. *See Targus,* 2021 WL 542675, at *2 (granting stay pending PTAB decision where parties had exchanged and responded to multiple sets of written discovery); *Rothschild*, 2015 WL 12715618, at *2 (finding the case was "not so far along that a stay would be senseless" where "the Parties have engaged in some written discovery, no depositions—fact or expert—have been taken, and the claim construction briefing is in its infancy").

### 4. Additional Considerations

Plaintiffs urge this Court to consider whether a stay, or the denial thereof, will reduce the burden of litigation on the parties and the Court. Response at 19–20. Plaintiffs first argue that a stay will not reduce, but rather increase, the burden of litigation on the parties and the Court because Defendants fail to show any clear hardship or inequity that could outweigh the potential of prejudice to Plaintiffs. The Court disagrees. Litigating in this Court and the PTAB in parallel—following two sets of rules and procedures simultaneously—burdens all parties.

Plaintiffs further argue in their Sur-Reply that if 3M is not bound by IPR estoppel because 3M is not a party to the IPR Petitions, "then the burden on both the parties will be increased and the burden on the Court will not be reduced" because "3M will have a second bite at the apple and be able to argue any defense AM[C] and Lifesync would be estopped from arguing." Sur-Reply at 2. While the Court notes Plaintiffs' concern, it cannot resolve questions of estoppel at this

juncture. Further, this concern does not impact the overall burden of litigation for all parties such that the Court should not grant a stay.

Plaintiffs also argue that seeking a stay before the PTAB has decided whether to take up the IPR Petitions is premature or otherwise prejudicial to Plaintiffs. When faced with this issue, courts in this district and beyond routinely grant stays under such circumstances. *Targus*, 2021 WL 542675, at *1; *Rothschild*, 2015 WL 12715618, at *2; *Andersons, Inc. v. Enviro Granulation, LLC*, No. 8:13-CV-3004-T-33MAP, 2014 WL 4059886, at *3 (M.D. Fla. Aug. 14, 2014); *Roblor*, 633 F. Supp. 2d at 1347 (granting motion to stay the litigation pending resolution of requests for reexamination). Case law does not support Plaintiffs' argument, and the Court finds that Defendants' Motion is not premature.

Finally, if considering this fourth factor, the Court must weigh the burden of litigation on the Court, not just the parties. The parties have filed numerous procedural and substantive motions with this Court at the early stages of litigation. Granting the requested stay will provide the Court with additional resources, including the PTAB's expertise, to rule on the parties' motions. Putting aside the parties' dispute as to whether the Court must consider this factor, the Court finds that if applicable, it weighs in favor of staying the litigation.

## **CONCLUSION**

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1. This case, including discovery, is **STAYED** pending resolution of the IPR Petitions.
2. When the PTAB announces whether it will take up the IPR Petitions, the parties shall file a joint status report informing the Court of the PTAB's decision.

3. The Clerk is instructed to administratively close this case while the stay is pending. The Court will address restoring this case to the active docket once the PTAB has reached a decision.

4. All pending motions are **DENIED** *without prejudice*.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 30th day of September, 2022.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**