UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-60468-RAR

KPR U.S., LLC AND
CARDINAL HEALTH 200, LLC,

    Plaintiffs,

v.

LIFESYNC CORP.,
ADVANTAGE MEDICAL
ELECTRONICS, LLC, AND 3M CO.,

    Defendants.
_____/

## ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION

**THIS CAUSE** comes before the Court on Plaintiffs' Motion for Reconsideration ("Motion"), [ECF No. 101]. Plaintiffs filed their Motion on May 23, 2023, Defendant Advantage Medical Electronics ("AMC") filed a Response in Opposition on June 6, 2023, [ECF No. 109], and Plaintiffs filed a Reply on June 13, 2023, [ECF No. 110]. The Court having carefully reviewed the pleadings and the file, and being otherwise fully advised, it is

**ORDERED AND ADJUDGED** that Plaintiffs' Motion for Reconsideration is **DENIED** for the reasons stated below.

## BACKGROUND

This is a patent infringement case involving cardiac monitoring equipment. On April 4, 2023, the Court re-opened this case—after the Court stayed the case pending *inter partes* review of the patents by the Patent Trial and Appeal Board—and entered a Scheduling Order. [ECF No. 78]. In that Order, the Court required "[t]he parties shall file all motions to amend pleadings or to join parties" by May 15, 2023. *Id.* at 2. On May 15, 2023, Defendant AMC filed a Motion for Leave to File Second Affirmative Defenses and Second Amended Counterclaims ("Motion to

Amend"), [ECF No. 94], which the Court granted that day, [ECF No. 95]. AMC states in its Motion to Amend that on January 18, 2019, Plaintiff Cardinal Health "caused a letter to be issued to AMC, accusing AMC of infringing five U.S. patents." Mot. to Amend at 1. AMC further states that Plaintiffs "filed their initial complaint on March 1, 2022, accusing AMC of infringing only two of its five previously asserted patents." *Id.* at 2. Through its amendments, AMC now seeks a declaratory judgment that the three additional patents identified in Cardinal Health's letter "are not infringed, are invalid, and/or are unenforceable." *Id.*

The day after granting AMC's Motion to Amend, the Court entered a Paperless Order stating, "the Court received correspondence from Plaintiffs indicating that Plaintiffs intend to file a Response in Opposition [to AMC's Motion to Amend]. Accordingly, the Court will entertain a Motion for Reconsideration of the Court's Order, ECF No. 95. Plaintiffs shall file a Motion for Reconsideration on or before May 23, 2023." [ECF No. 98]. Plaintiffs' Motion for Reconsideration is now before the Court.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 15(a) states that "[t]he court should freely give leave [to amend pleadings] when justice so requires." Fed. R. Civ. P. 15(a). "The decision whether to grant leave to amend is within the sound discretion of the trial court[.]" *Nat'l Serv. Indus., Inc. v. Vafla Corp.*, 694 F.2d 246, 249 (11th Cir. 1982). "In the absence of … undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment," leave to amend should be "freely given." *Forman v. Davis*, 371 U.S. 178, 182 (1962) (citing Fed. R. Civ. P. 15(a)).

## ANALYSIS

Plaintiffs raise three arguments in opposition to AMC's amended counterclaims: (1) there is no case or controversy surrounding the three new patents; (2) the amendments are prejudicial because they more than double the number of patents at issue less than a year before trial; and (3) AMC was unduly delayed in its amendment because it has had the information it needed to bring these claims since January 2019. *See* Mot. at 5, 6, 8. Plaintiffs seek a hearing on their Motion. *Id.* at 9. The Court will briefly address these points without the delay of a hearing.

Here, the Court "freely gives" leave for AMC to amend its counterclaims. Regarding Plaintiffs' lack of case or controversy argument, the Court finds that based on the allegations presented at this stage of the proceedings, an actual controversy exists as to AMC's counterclaims seeking a declaratory judgment as to the three additional patents. *See MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (an "actual controversy" exists where "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment"). Plaintiffs are not precluded from fully briefing this argument at a later stage.

The Court also finds that Plaintiffs are not unduly prejudiced, and the amendment was not unduly delayed. This case has been pending for approximately one year, and for nearly half of that time, the case was administratively closed. *See* Order Granting in Part Motion to Stay [ECF No. 73]. This is not an instance where discovery has already closed or claim construction briefing has begun. The Court allowed the parties to file motions to amend pleadings until May 15th, well aware of the other case deadlines. There remains sufficient time for the parties to complete the necessary discovery and briefing regarding these additional patents.

If the parties elect to seek additional time for any portion of the current Scheduling Order, they may do so by filing a Joint Motion for Continuance and a Proposed Amended Scheduling

Order on or before **June 23, 2023**. If the parties cannot agree on an amended schedule, the Motion for Continuance and Proposed Order shall identify the parties' disagreements.

## **CONCLUSION**

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Plaintiffs' Motion for Reconsideration is **DENIED.**

**DONE AND ORDERED** in Miami, Florida, this 14th day of June, 2023.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**